*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0495p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 07-5035

ANTONY RICHARDSON,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 06-00057—Todd J. Campbell, Chief District Judge.

Argued: October 24, 2007

Decided and Filed: December 20, 2007

Before: BOGGS, Chief Judge; McKEAGUE, Circuit Judge; COHN, District Judge.[*]

---

### COUNSEL

**ARGUED:** Caryll S. Alpert, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Blanche B. Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Caryll S. Alpert, Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Blanche B. Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

COHN, D. J., delivered the opinion of the court, in which BOGGS, C. J., joined. McKEAGUE, J. (pp. 7-8), delivered a separate concurring opinion.

---

### OPINION

---

AVERN COHN, District Judge. This is a criminal case. Defendant-Appellant Antony Richardson ("Richardson") appeals from his sentence of 120 months of imprisonment after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The sole issue on appeal is whether the district court erred in applying a four-level enhancement under

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

U.S.S.G. § 2K2.1(b)(6) for possessing a firearm in connection with "another felony offense." For the reasons that follow, we **AFFIRM**.

## I.

The background relevant to the appeal pertains to events taking place on July 16, 2005. On that day, Nashville Police Officers Michael Eby and Matthew Valiquette responded to a call involving underage drinking and drug use at a motel in Nashville, Tennessee. The officers saw two female juveniles leaving a motel room. They knocked on the door to the room. Richardson answered the door with his hands behind his legs. The officers smelled marijuana. When Officer Eby instructed him to place his hands in plain view, Richardson dropped a burning marijuana cigarette. Officer Eby also asked Richardson if he had anything on his person. He told police that he had a gun in his pocket. The officers recovered a stolen gun from his pocket and a small bag containing two to three grams of marijuana, less than a felony amount. Richardson told police that the gun belonged to Lena Moore ("Moore").

Moore was in the room with Richardson. She was an 18-year-old with whom he had a sexual relationship. Apparently, Moore lived with Richardson and the mother of his children, Raushanah Hasan ("Hasan"), from about May 2005 to June 2005. Moore gave the officers permission to search her purse. Inside the purse, officers found 116.5 grams (approximately a quarter of a pound) of marijuana and a set of digital scales. Moore stated the marijuana was hers. Both were arrested. At some point after her arrest, Moore, outside of Richardson's presence, told a federal agent that all of the items in the hotel room, including the marijuana, scales, and gun, belonged to Richardson.

The state of Tennessee charged Richardson for possession of the gun. Moore was charged with possession of the marijuana in her purse, although the charge was subsequently dropped.

Moore was released from custody the next day while Richardson remained in jail. At some point thereafter, Moore called Hasan and told her that the marijuana in her purse belonged to Richardson.

In August 2005, after being released from state custody, Richardson and Moore got into an argument during which Moore claims Richardson physically assaulted her. They also allegedly argued about whether Moore should accept the charge against her. Moore pursued criminal charges and Richardson was convicted of misdemeanor assault.

On April 12, 2006, a federal grand jury returned a one-count indictment against Richardson charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] On October 13, 2006, Richardson entered a guilty plea to the one-count indictment without a plea agreement. On December 15, 2006, the district court conducted a sentencing hearing where Richardson objected to a four-level enhancement to his base offense under U.S.S.G.§ 2K2.1(b)(6) for possession of a firearm or ammunition in connection with another felony offense. The government argued that Richardson possessed the gun in connection with the felony offense of drug trafficking, as evidenced by the marijuana and other items found in Moore's purse. The district court overruled Richardson's objection and applied the four-level enhancement on the theory that

---

[1] Richardson has an extensive criminal record. The relevant convictions noted in the government's brief and detailed in the Presentence Investigation Report are as follows: On March 20, 1996, Richardson was convicted of the Sale of Less Than 0.5 Grams of Cocaine. On March 19, 2001, Richardson pled guilty to felony drug possession involving 6.1 grams of marijuana. On November 1, 2005, less than four months after the events in question, Richardson was arrested and convicted for Possession/Exchange of a Controlled Substance, for which he received a suspended sentence of 11 months and 29 days.

Richardson possessed the gun in connection with the marijuana found in Moore's purse. This enhancement boosted Richardson's guidelines range from 84-115 months to 120-150 months. The district court sentenced Richardson to 120 months of imprisonment followed by two years of supervised release. Richardson timely appealed.

## II.

### A.

This court accepts the findings of fact of the district court unless they are clearly erroneous and shall "give due deference to the district court's application of the guidelines to the facts." *United States v. Hill*, 79 F.3d 1477, 1481 (6th Cir. 1996). However, "[w]hether the facts found by the district court warrant the application of a particular guideline provision is a legal question and is to be reviewed *de novo* by the appellate court." *United States v. Hardin*, 248 F.3d 489, 492 (6th Cir. 2001) (quoting *Hill*, 79 F.3d at 1481)).

### B.

Richardson argues that the district court erred in applying the four-level enhancement for possession of a firearm in connection with the sale of controlled substances. He argues that the government failed to establish a connection between the gun and the marijuana found in Moore's purse because he did not possess the marijuana.

Under U.S.S.G. § 2K2.1(b)(1),[2] individuals who possess any firearm in connection with a felony offense are subject to a four-level enhancement:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by four levels.

The commentary accompanying U.S.S.G. § 2K2.1, note 14(B)(ii), states that § 2K2.1(b)(6) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively." Thus, this section applies if the Government establishes, by a preponderance of the evidence, that the defendant possessed or used a firearm in connection with another felony offense. *See United States v. Gates*, 461 F.3d 703, 707 (6th Cir. 2006).

In interpreting the "in connection with" language of U.S.S.G. § 2K2.1(b)(6), this court has adopted the "fortress theory," which holds that a connection is established if "it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001) (citation omitted) (quoting *United States v. Henry*, 878 F.2d 937, 944 (6th Cir. 1989)).

### C.

Before applying the enhancement, the district court held a sentencing hearing. Officers Eby and Valiquette testified as to the events of July 16, 2005. Clara Himel, Special Agent with the Bureau of Alcohol, Tobacco and Firearms, also testified as to conversations she had with Moore in

---

[2] Prior to November 1, 2006, this provision was known as U.S.S.G. § 2K2.1(b)(5).

which Moore stated the items in her purse belonged to Richardson. Moore did not testify.[3] Hasan testified on behalf of Richardson. Hasan testified that Moore first told her the items in her purse were hers, but later told Hasan that because the police believed the marijuana was Richardson's, she was not going to "take the charges" against her. The district court carefully evaluated the testimony and found the evidence warranted the enhancement, rendering detailed findings of fact.[4] Most notably, the district court found that the marijuana in Moore's purse was of a sufficient quantity to constitute a drug trafficking offense. The district court further held that based on the marijuana and gun found on Richardson, he jointly possessed the items in Moore's purse. The district court concluded:

> The circumstances in the motel room indicate they were there together. Both had marijuana on them, and they were jointly involved in the felony offense of possession of marijuana with intent to distribute, possession being joint and at a minimum constructive. And that the gun was in connection with that offense, and the gun served the role mentioned in the guideline application note that firearms have the potential of facilitating other offenses or indeed the fact of facilitating by providing protection for the presence of drugs and to be prevention from robbery.

J.A. at 100.

## D.

The district court's findings are not clearly erroneous. First, the fact that the gun was found in close proximity to the drugs is, as the district court noted, particularly compelling evidence that it was used to facilitate drug trafficking under the fortress theory. This Court has stated that "[t]he fact that the firearm was found in the same room where the [drugs were] stored can lead to the justifiable conclusion that the gun was used in connection with the felony." *Hardin*, 248 F.3d at 498-99. Additional case law supports our conclusion. *See United States v. Burns*, 498 F.3d 578, 580-81 (6th Cir. 2007) (upholding application of § 2K2.1(b)(6) where police found firearm in close proximity to drugs and defendant had ready access to the gun when the police apprehended him); *United States v. Burke*, 345 F.3d 416, 427 (6th Cir. 2003) (holding enhancement applied where police found firearm and marijuana next to each other on a car seat).

Here, Richardson's possession of the gun was neither accidental nor coincidental. Richardson was found in a hotel room with marijuana on his person. Moore's purse contained a large quantity of marijuana and digital scales. The presence of the gun had the potential of protecting the marijuana. Also, it would not be reasonable to assume that he was carrying around a gun in his pocket to casually hang out with friends in a motel room.

Second, contrary to Richardson's argument, the district court did not err in concluding that Richardson possessed the marijuana in Moore's purse. Although the district court found that the possession was "joint," it also noted that at a minimum, Richardson constructively possessed the marijuana. We agree. "Constructive possession of an item is the 'ownership, or dominion or control' over the item itself, 'or dominion over the premises' where the item is located." *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003) (quoting *United States v. Pruitt*, 156 F.3d 638,

---

[3] Although Moore was subpoenaed, she did not appear at the hearing. According to Agent Himel, Moore was afraid to testify.

[4] Under Fed. R. Crim. P. 32(i)(3)(B), a district court is required to either make a finding on each matter controverted or determine that no finding is necessary because the matter will not affect sentencing. Because Richardson challenged the application of § 2K2.1(b)(6), it was necessary for the district court to articulate its findings on the enhancement.

649 (6th Cir. 1998)). "[I]f it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then such firearms are used 'during and in relation to' a drug trafficking crime." *United States v. Covert*, 117 F.3d 940, 947 (citing *United States v. Henry*, 878 F.2d 937 (6th Cir. 1989)).

Here, the facts are sufficient to establish constructive possession. The proximity of the gun in Richardson's pocket to the marijuana in Moore's purse, and the evidence of drug distribution in the motel room, namely the digital scale and the large quantity of marijuana, indicate that Richardson had dominion and control over the whole room. Richardson and Moore, who shared an intimate relationship at the time, were in a motel room together, a small and private space. They had a common interest in that both had marijuana in a marijuana smoke-filled room.

Richardson, however, says he did not know Moore had drugs in her purse and therefore he could not be deemed to have possessed them. This argument lacks merit. Richardson cites *United States v. Zeigler*, 994 F.2d 845 (D.C. Cir. 1993) and *United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984) in support. Neither case is analogous. In *Zeigler*, the defendant was charged with drug possession, including cocaine. The defendant was arrested at her boyfriend's apartment and admitted to possessing a small amount of marijuana found near a bed. Cocaine was found locked in a briefcase in the laundry room of the apartment, which was also locked. Defendant's boyfriend shared the apartment with others. The apartment contained several rooms with multiple floors. The Court of Appeals for the District of Columbia Circuit held that defendant did not possess the cocaine, noting that there was no evidence that defendant had access to the locked room or briefcase.

*Zeigler* is inapposite because it was addressing the issue of constructive possession under a beyond-a-reasonable-doubt standard, instead of a preponderance-of-evidence standard. More importantly, however, is that the facts are distinguishable. Richardson was in a single rented room with someone with whom he had an admitted intimate relationship. Also, the drugs were found in Moore's purse, which was readily accessible to Richardson.

In *Beverly*, the defendant was standing near a waste basket in a kitchen during the execution of a search warrant. The waste basket contained two guns, one of which had defendant's fingerprint on it. Defendant was convicted of possession of a firearm. A panel of this Court held that the evidence was insufficient for conviction because there was no evidence that the defendant controlled the kitchen. The panel said that the evidence showed "only that [defendant] was in the kitchen of [a third person's] residence, that [defendant] was standing close to a waste basket which contained two guns, and that [defendant] had at some point touched one of the guns." *Beverly*, 750 F.2d at 37. Again, *Beverly* concerned proof beyond a reasonable doubt, not by a preponderance. Moreover, here the evidence was sufficient to establish Richardson's control over the motel room and the items in Moore's purse based on (1) the proximity of the gun to the drugs, (2) Moore's statements, which the district court credited, that the items in her purse belonged to Richardson, and (3) Richardson's relationship with Moore.

In addition, there are other facts in the record which support a finding that Richardson used the gun in connection with drug trafficking. Richardson had two prior convictions for possession with intent to distribute controlled substances and less than four months after the instant offense, he was convicted again for possession and distribution of marijuana. In other words, he had an established knowledge and participation in drug trafficking activity.

Given the totality of the circumstances, the district court did not clearly err in finding that Richardson possessed the drugs in Moore's purse, and further to conclude that the gun was used in connection with drug trafficking. The four-level enhancement was properly applied.

**E.**

As an alternative, the government argues that the enhancement can be upheld on the grounds that Richardson possessed the gun in connection with the felony of possession of marijuana, based on the amount of marijuana found on his person. The government says that under 21 U.S.C. § 844, his mere possession of marijuana, regardless of the amount, is a felony because Richardson has two prior felony drug convictions. It is well-established that this court "may affirm on any grounds supported by the record, even though they may be different from the grounds relied on by the district court." *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir. 1994). Although the government could have presented this ground to the district court in arguing for the enhancement, it did not. Because the enhancement is proper on the grounds raised in the district court, and the government's new argument is not fairly presented in the record, we decline to consider this alternative basis for affirming the district court's decision.

**III.**

For the reasons stated above, Richardson's sentence is **AFFIRMED**.

---

**CONCURRENCE**

---

McKEAGUE, Circuit Judge, concurring. I fully concur in the majority's opinion, but write separately to explain why the other felony offense that serves as the predicate for the § 2K2.1(b)(6) enhancement need not actually have been committed by the defendant. I believe that under the plain language of § 2K2.1(b)(6), the four-level enhancement applies here regardless of whether it is shown that Richardson constructively possessed the marijuana found in Moore's purse.

Section 2K2.1(b)(6) provides for a four-level sentencing enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The Application Notes to § 2K2.1(b)(6) define "another felony offense" as "any Federal, state, or local offense, other than the explosives or firearms possession or trafficking offense, punishable by imprisonment of a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6), Application Note 14(C).

Although the guidelines do not define the phrase "in connection with," this court has explained that it has the same meaning as the phrase "in relation to" found in 18 U.S.C. § 924(c)(1)(A), which—according to the Supreme Court—means "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence . . . Instead, the gun at least must facilitate or have the potential of facilitating the drug trafficking offense." *United States v. Hardin*, 248 F.3d 489, 497-98 (6th Cir. 2001) (quoting *Smith v. United States*, 508 U.S. 223, 238 (1993)) (alterations omitted). Applying this definition, *Hardin* explained that the mere existence of a gun in the same room as narcotics does not, *ipso facto*, justify an enhancement under § 2K2.1(b)(5).[1] *Hardin*, 248 F.3d at 501. Reiterating the proposition that § 2K2.1(b)(6) should be afforded an expansive interpretation, the Sentencing Commission added Application Note 14(B), which explains that where the other felony offense is drug trafficking, the "in connection with" requirement may be satisfied if the gun is "found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. §2K2.1(b)(6), Application Note 14(B).

Based on the plain language of § 2K2.1(b)(6) and the definition provided in *Hardin*, in my opinion, there is no requirement that the defendant possess the firearm "in connection with another felony offense" that he himself has committed or is in the process of committing. So long as the defendant's possession of the firearm in some way "facilitate[s]" or has the "potential of facilitating" the other felony offense, the enhancement is applicable, even if the other felony is actually being committed by another individual. An examination of the dictionary definition of "facilitate" bolsters this conclusion. According to Webster's Dictionary, "facilitate" means "to make easier or less difficult." Webster's Third New International Dictionary (1986). Thus, the defendant's firearm possession needs to reduce, or have the potential of reducing, the difficulty of completing the other offense, regardless of whether it is the defendant or another individual who is actually carrying out the other offense.

Furthermore, the interpretation set forth above finds support in the second clause of § 2K2.1(b)(6), which states that the four-level enhancement also applies if the defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with *another felony offense*." U.S.S.G. § 2K2.1(b)(6) (emphasis added). Under this portion of § 2K2.1(b)(6), an enhancement is warranted when the defendant

---

[1] Prior to November 1, 2006, what is now § 2K2.1(b)(6) was designated as § 2K2.1(b)(5).

transfers a firearm to another person with knowledge, intent, or reason to believe that it will be used in connection with another felony offense. In such a scenario, the "another felony offense" phrase is clearly referring to an offense later committed by the transferee—not by the defendant-transferor whose sentence is being enhanced.

The Fourth Circuit's decision in *United States v. Cutler*, 36 F.3d 406, 407-08 (4th Cir. 1994), is illustrative of the typical factual scenario giving rise to an enhancement under the second clause of § 2K2.1(b)(6). In *Cutler*, the defendant was convicted of various firearms distribution offenses, and he received a four-level enhancement because he transferred numerous firearms with knowledge that they would later be used in felony offenses. *Id*. at 407. Affirming the enhancement, the *Cutler* court stated that § 2K2.1(b)(5) was satisfied because the guns sold by the defendant were "being distributed to drug abusers and drug dealers [and there is] no doubt that he knew that the guns were being used in connection with another felony offense." *Id*. at 408; *see also United States v. Mise*, 240 F.3d 527, 531-32 (6th Cir. 2001) (upholding a four-level enhancement under § 2K2.1(b)(5) because the defendant transferred a pipe-bomb to another individual with knowledge or reason to believe that the individual would use it in "another felony offense.").

Applying the canon of statutory interpretation that "when Congress uses the same language in two different places in the same statute, the words are usually read to mean the same thing in both places," *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999), the phrase "another felony offense" should be interpreted to have the same meaning in both the first and second clauses of § 2K2.1(b)(6). This is especially true since the same phrase is used twice "within the same [provision] within the same subsection of the [guideline]." *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 536 (6th Cir. 2004). Because the phrase "another felony offense" as used in the second clause of § 2K2.1(b)(6) clearly contemplates the enhancement of a defendant's sentence where the second felony is committed by another individual, the use of the same phraseology in the first clause of § 2K2.1(b)(6) should also be interpreted to encompass situations where the second felony was not actually committed by the defendant whose sentence is being enhanced. This, of course, assumes that facilitation or the possibility of facilitation has been demonstrated in accord with § 2K2.1(b)(6) as interpreted by *Hardin*.

Looking to the facts of this case, even if the marijuana in the purse was solely in the possession of and being distributed by Moore in the room rented by Richardson, his possession of a firearm in that same room inarguably had at least the potential to facilitate "another felony offense," to wit: Moore's drug trafficking. It is highly likely that the presence of her armed boyfriend in his hotel room would be of some assistance to Moore given the potential for violence inherent in drug transactions. Such an interpretation of § 2K2.1(b)(6) also comports with the Sentencing Commission's intent of punishing more severely those individuals who bring firearms into situations where other criminal conduct is occurring. *See generally United States v. Burke*, 345 F.3d 416, 427 (6th Cir. 2003).

Therefore, regardless of whether he constructively possessed the drugs in Moore's purse, I believe the enhancement of Richardson's sentence was warranted because even if one were to agree with Richardson that the drugs belonged to Moore, he possessed the firearm "in connection with" her felony drug trafficking offense, which is sufficient for the four-level enhancement to apply under the plain language of § 2K2.1(b)(6).