**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0388n.06
Filed: July 1, 2008

**No. 07-1685**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| v. | ) | District of Michigan |
| | ) | |
| GARY DEWAYNE WILLIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:       BOGGS, Chief Judge; and RYAN and COLE, Circuit Judges.

PER CURIAM. On January 22, 2007, Willis pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The probation officer who prepared Willis's Presentence Investigation Report ("PSR") recommended a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony, namely, drug trafficking. This led to a total offense level of 23 and a guideline range for imprisonment of 92 to 115 months. The sentencing court overruled Willis's objection to the enhancement and sentenced Willis to 104 months of imprisonment. We affirm.

No. 07-1685
United States v. Willis

We review the district court's factual findings for clear error. *United States v. Richardson*, 510 F.3d 622, 625 (6th Cir. 2007). We give "due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). However, whether the facts found by the district court "warrant the application of a particular guideline provision" is a question of law, which we review de novo. *Richardson*, 510 F.3d at 625.

U.S.S.G. § 2K2.1(b)(6) provides:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

Application Note 14, which discusses the meaning of "in connection with," states that "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia[,] . . . application of [the four-level enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense . . ."

Furthermore, our circuit has adopted the "fortress theory," in interpreting "in connection with." *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001). Under the fortress theory, if it reasonably appears that the firearm is used to protect the drugs or otherwise facilitate a drug transaction then a sufficient connection is established. *United States v. Henry*, 878 F.2d 937, 944 (6th Cir. 1989). In other words, "§ 2K2.1 applies 'if the firearm had some emboldening role in defendant's felonious conduct.'" *Ennenga*, 263 F.3d at 503 (quoting *United States v. Polanco*, 93 F.3d 555, 567 (9th Cir. 1996)).

- 2 -

Willis argues that he kept the gun for self-protection because the neighborhood was dangerous and that he would have carried the gun even if he had not been selling drugs. Willis, however, does not object to the judge's factual findings that: (1) both the gun and the drugs were in the passenger compartment of the car; (2) the gun was the type of firearm used by people who are engaged in drug dealing; (3) the firearm was loaded; and, most importantly, (4) the gun potentially could be used in the course of a drug transaction. Under both Application Note 14 and the fortress theory, these facts were sufficient to establish that the gun was used "in connection with" Willis's drug trafficking activities.

Willis also objects to the judge's consideration of factors discussed in *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002), a case that examined "whether a firearm was related to a particular drug offense" under U.S.S.G. § 2D1.1(b)(1). Willis argues that because § 2K2.1, unlike § 2D1.1(b)(1), does not have a burden shifting provision, the sentencing judge erred in relying on the *Moses* factors. Most significantly, Willis argues that a court cannot consider "the lack of an acceptable alternative reason for the presence of a firearm" if it has "not found that the firearm facilitated or had the potential to facilitate another felony offense." Appellant's Br. 15. Willis's objections are unfounded. The judge clearly understood that the government bore the burden of proof; indeed, he explicitly stated that: "[T]he burden is on the government to show that the gun was used for a drug trafficking offense. . . . The government has the burden on that, but then you can look at the same things you look at under 2D1.1 as far as what factors there are."

Our circuit has, in separate cases, found the first three *Moses* factors to be relevant to a § 2K2.1 inquiry. *See, e.g.*, *United States v. Burns*, 498 F.3d 578, 580 (6th Cir. 2007) (holding that the

proximity of the firearm to the drugs is relevant); *United States v. Huffman*, 461 F.3d 777, 788 (6th Cir. 2006) (holding that the type of firearm is relevant); *United States v. Burke*, 345 F.3d 416, 427 (6th Cir. 2003) (holding that whether the firearm was loaded is relevant).  Thus, the court properly relied on those same factors in concluding that the government had met its burden.  Finally, it was appropriate for the court to consider Willis's alternative explanation for possessing the gun.  Though Willis did not need to provide an explanation, once he proffered one, the judge clearly could consider and reject it.  That is, while the government bears the burden of proof, the judge does not have to take the defendant's explanation at face value, especially when the explanation was as dubious as the one Willis tendered.

Willis's sentence was within the Guidelines.  As such, it may be afforded a rebuttable presumption of reasonableness, *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007), and this circuit does so.  *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).  Willis has not demonstrated that the judge failed to consider any of the relevant § 3553(a) factors; nor has he demonstrated that the judge relied on any impermissible factors.  Finally, the judge clearly considered Willis's argument for a lower sentence and explained the basis for rejecting it.  Thus, Willis's sentence is both substantively and procedurally reasonable, and we AFFIRM it.