**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**James Deong WOODS Defendant–Appellant.**

**No. 99–6704.**

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.[*]

## OPINION

COLE, Circuit Judge.

Defendant–Appellant James Deong Woods appeals his sentence imposed fol-lowing his conviction for criminal posses-sion of a firearm in violation of 18 U.S.C. § 922(g), assigning error to the district court's assessment of a sentencing en-hancement pursuant to the United States Sentencing Guidelines § 2K2.1(b)(5) (1998) for possession with intent to distribute marijuana. On appeal, Woods contends that (1) the district court lacked sufficient evidence to support a sentencing enhance-ment for possession with intent to distrib-ute marijuana and (2) the enhancement violated his rights under the Sixth Amend-ment, which mandates that a jury deter-mine beyond a reasonable doubt any factor that could increase a defendant's sentence beyond the statutory maximum. *See Ap-prendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the reasons that follow, we VACATE Woods' sentence and REMAND the case for resentencing.

## BACKGROUND

On July 16, 1998, Sheriffs from Shelby County, Tennessee stopped Woods, a con-victed felon, because of a broken taillight. While searching the vehicle, the Sheriffs observed the butt of a firearm jutting from beneath the driver's seat. Sheriffs searched the car and recovered a stolen .9mm Smith & Wesson semi-automatic pis-tol, along with 7.5 grams of marijuana, which was separated into six small "nickel bags," each with a value of five dollars. No drug paraphernalia or money was found on Woods or in the automobile. Subsequently, on October 31, 1998, Woods was stopped by Memphis Police for a traf-fic violation; in the course of searching Woods' vehicle, officers recovered a .9mm Ruger semi-automatic pistol.

[*] The Honorable Sandra S. Beckwith, United States District Court for the Southern District of Ohio, sitting by designation.

A federal grand jury indicted Woods on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g): Count 1 arising out of the July 16 stop and Count 2 arising out of the October 31 stop. Pursuant to a plea agreement, Woods pleaded guilty to Count 1 and the Government dismissed Count 2. The Presentence Investigation Report, prepared by the probation office, recommended a two-point enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) because the weapon was stolen. Based on the presence of the individually packaged nickel bags of drugs in the vehicle, the report also recommended a four-point enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with another felony—possession with intent to distribute marijuana. Woods's total offense level was computed at 23, and, combined with a criminal history category of VI, his recommended Guidelines range was 92 to 115 months imprisonment.

At the sentencing hearing, Woods objected to the findings contained in the Presentence Investigation report. In particular, Woods challenged the four-point enhancement pursuant to § 2K2.1(b)(5) for possession with intent to distribute marijuana. Woods admitted that he is a daily drug user and tends to smoke several marijuana-filled cigars, or "blunts," every day. Woods explained that two nickel bags of marijuana are required to fill one cigar, and thus he purchased the marijuana to make three blunts for his personal use. He also stated that the drugs were individually packaged when he purchased them, and that he was stopped by police en route from his dealer to his home. The district court nonetheless concluded that because the marijuana was individually packaged, Woods was carrying a weapon, and Woods was stopped in an area of Memphis renowned for drug activity, the Government demonstrated by a preponderance of evidence that Woods had the intention of distributing the marijuana and thus was entitled to the sentencing enhancement.

Woods's counsel appealed and subsequently filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This Court granted counsel's motion, but also granted Woods's motion to appoint new counsel. We further ordered that counsel address whether the district court had sufficient evidence to support an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5).

## DISCUSSION

### Sufficiency of the Evidence

■ A factual predicate for a sentencing enhancement must be established by a preponderance of the evidence. *United States v. Bandy*, 239 F.3d 802, 806 (6th Cir.2001) We review a sentencing court's factual findings for clear error. *Id.* A factual finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gort–DiDonato*, 109 F.3d 318, 320 (6th Cir.1997).

■ Section 2K2.1(b)(5) requires a four-level increase where a "defendant ... possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." At issue here is the contention that while being a felon in possession of a semi-automatic pistol, Woods intended to use the pistol in connection with an intent to distribute marijuana. The elements of proof required for the charge of possession of marijuana with intent to distribute are that the defendant (1) knowingly (2) possessed marijuana (3) with the intent to

distribute it. *United States v. Phibbs,* 999 F.2d 1053, 1063 (6th Cir.1993). The intent element may be inferred from a variety of factors, including, but not limited to, the possession of quantities of drugs too large for personal use, *United States v. Jackson,* 55 F.3d 1219, 1226 (6th Cir.1995); the value of the drugs, *id.;* the presence of drug distribution paraphernalia, including scales and packaging materials, *United States v. Hill,* 142 F.3d 305, 312 (6th Cir. 1998); the concurrent seizure of large amounts of currency, *id.;* and the purity of the drugs, *United States v. Vincent,* 20 F.3d 229, 233 (6th Cir.1994).

■ Here, the first two elements of the distribution charge, knowing possession of marijuana, are not disputed; Woods concedes that he knowingly possessed the marijuana found in his vehicle. Woods instead challenges the factual finding of the sentencing court as to the third element, namely that he intended to distribute the six nickel bags of marijuana. In so finding, the sentencing court found relevant three factors: "the packaging, the presence of the gun, [and] the presence of the vehicle in a drug area." We conclude that these factors are equally consistent with the *purchase* of marijuana as they are with the *distribution* of marijuana and thus do not create a preponderance of evidence of Woods' intention to distribute the drugs.

That the small amount of marijuana found in the vehicle was placed into individual packages does not create an inference that Woods intended to distribute it to others. The amount of marijuana found in Woods' vehicle is consistent with his testimony regarding his personal use. Furthermore, the relatively small value of the marijuana, thirty dollars, also suggests that Woods was not planning to sell it. While the district court aptly notes that drugs are often distributed in such a man-

ner, they are necessarily purchased in that manner as well. The fact that there was no drug paraphernalia recovered in the vehicle, such as a scale, empty nickel bags, or any other packaging materials, weighs against an inference that Woods intended to distribute the small amount of drugs.

The fact that Woods was stopped in a neighborhood with considerable drug traffic is likewise not persuasive in demonstrating an intent to distribute marijuana. While drugs are certainly sold in such areas, so too are they purchased there. Thus, Woods' presence in a drug haven is as consistent with the behavior of one making a purchase of marijuana as it is with one making a sale. The small amount of marijuana involved, coupled with the fact that Woods had no money present on himself or the vehicle, cannot transform the simple fact that Woods was present in a "bad neighborhood" into a showing that he intended to distribute marijuana.

Finally, given the dearth of any other evidence, the presence of a gun in Woods' vehicle cannot by itself be indicative of anything other than the underlying offense for felony weapon possession. *See* U.S.S.G. § 2K2.1 Note 18 ("another felony offense" for the purposes of § 2K2.1" refer[s] to "offenses other than firearms possession.") Without evidence beyond the small amount of marijuana, the presence of a weapon cannot be used as the primary evidence of culpability in both the underlying offense and the sentencing enhancement. *See United States v. Sanders,* 162 F.3d 396, 400 (6th Cir.1998)(A logical reading of the § 2K2.1(b)(5) Guideline term "another felony offense" would at least require ... "a distinction of conduct between that occurring in the offense of conviction and the other felony offense.") At any rate, the presence of a small amount of marijuana and a weapon does not meet the preponderance of evidence standard.

Therefore, the presence of the weapon is not persuasive as to a finding that Woods possessed the intent to distribute.

None of the factors required to demonstrate a preponderance of evidence of an intention to distribute marijuana are present here. Instead, the evidence presented by the Government does nothing more than support Woods' contention that he was stopped after purchasing marijuana in South Memphis. In the absence of any persuasive evidence that demonstrates an intent to distribute, we conclude that the district court clearly erred in applying the four-point sentencing enhancement under § 2K2.1(b)(5).

### Apprendi

Woods also contends on appeal that the district court's application of the sentencing enhancement violated his Sixth Amendment rights as set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Supreme Court held that a jury must determine those factual predicates for a sentencing enhancement that would in effect exceed the statutory maximum sentence of the underlying offense. Woods contends he was entitled to a jury determination of the facts surrounding his sentencing enhancement. However, because we have already held that the district court's application of the sentencing enhancement was clearly erroneous, we need not reach this issue.

### CONCLUSION

For the aforementioned reasons, we VACATE Woods' sentence and REMAND the case for resentencing.