NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0420n.06

No. 10-5016

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jun 28, 2011*
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FRANKIE FRAZIER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

BEFORE: MARTIN, SILER, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Defendant Frankie Frazier pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to forty-six months' imprisonment. As part of the sentence, the district court imposed a four-level sentencing enhancement pursuant to federal sentencing guideline (USSG) § 2K2.1(b)(6) because Frazier possessed the firearm "in connection with another felony offense," namely, drug trafficking. Because the district court's drug-trafficking finding was not clearly erroneous and because Frazier possessed the firearm in connection with this felony, the district court's judgment must be upheld.

On February 23, 2009, police officers responded to a drug complaint in a high-crime area of Memphis. When the officers arrived, they saw Frazier holding a gun. Frazier dropped the gun into a garbage can. The officers retrieved the gun and identified it as a loaded automatic pistol. The officers searched him, finding 13.8 grams of marijuana and 2.4 grams of crack cocaine. Frazier claimed that he carried the gun for protection, that he possessed the drugs for recreational use, and

that he suffered from a longstanding substance-abuse problem. Frazier was convicted of robbery and grand larceny. Although he had no prior drug-related convictions, at the time of his arrest, he also did not have a recent or consistent employment history.

Frazier was indicted for violating 18 U.S.C. § 922(g) by being a felon in possession of a firearm, to which he pled guilty. Frazier's PSR recommended increasing his base offense level by four points for possessing the firearm "in connection with another felony offense," pursuant to USSG § 2K2.1(b)(6). The predicate felony offense alleged was "drug trafficking." Frazier objected to the four-level enhancement. He argued that he had not possessed the drugs with the intent to traffic, and that he had therefore only committed misdemeanor drug possession, not felony drug trafficking.

The district court noted that the officers had answered a drug complaint in a high-crime area. The court said that the 13.8 grams of marijuana "is not a huge amount, but it's more than de minimis," Tr. at 15, and that the 2.4 grams of crack cocaine "is larger than a typical smoking amount," which "can be an indication of sale, especially when it . . . is not in the immediate use category," *id.* at 16-17. The court clarified that the predicate felony offense for purposes of applying the USSG § 2K2.1(b)(6) enhancement was Tennessee Code Annotated (TCA) § 39-17-417. *Id.* at 18. The court noted that this statute applied where the amount of cocaine involved is at least 0.5 grams, a threshold met in Frazier's case. *Id.* at 19.

In justifying the USSG § 2K2.1(b)(6) enhancement, the court noted that the proximity of the firearm to the drugs was "essentially one and the same," Tr. at 21, because they were both on Frazier's person. The court reasoned that the police's receipt of a drug-dealing complaint, as well as the drugs' packaging in multiple bags, supported the notion that Frazier was trafficking in drugs and not merely using them. The court also pointed out that Frazier's gun was loaded and that the

cocaine quantity satisfied TCA § 39-17-417(c)(1). Given that this was a "case of a drug trafficking offense in which a firearm is found in close proximity to drugs," *id.* at 23, "the evidence . . . clearly preponderates in favor of a determination that the possession of the firearm was in connection with another felony offense." *Id.* The district court adopted the sentencing enhancement and sentenced Frazier to forty-six months' imprisonment.

The district court permissibly applied the USSG § 2K2.1(b)(6) sentencing enhancement because: (1) the district court did not clearly err in finding by a preponderance of the evidence that Frazier committed a drug-trafficking felony offense, and (2) Frazier possessed the firearm in connection with that offense. USSG § 2K2.1(b)(6) states that, "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by **4** levels." *Id.* According to USSG § 2K2.1's application note 14, "'[a]nother felony offense' . . . means any federal, state, or local offense, . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* at application note 14(C).

First, the district court did not clearly err in finding that Frazier's requisite felony offense was drug trafficking. The prosecutor identified TCA § 39-17-417 as the drug-trafficking offense's statutory basis. TCA § 39-17-417(a) makes it a criminal offense "for a defendant to knowingly: (1) Manufacture a controlled substance; (2) Deliver a controlled substance; (3) Sell a controlled substance; or (4) Possess a controlled substance with the intent to manufacture, deliver or sell the controlled substance." These acts are felonies if the drugs involved constitute "point five (.5) grams or more of any substance containing cocaine or methamphetamine." *Id.* § 39-17-417(c)(1). There is no dispute that Frazier possessed over 0.5 grams of cocaine.

3

In sentencing Frazier, the district court found that Frazier committed "a drug trafficking offense." Although the court did not say in so many words that Frazier violated TCA § 39-17-417(a), and did not specify which of the four § 39-17-417(a) offenses Frazier committed, the prosecutor identified TCA § 39-17-417 during the hearing, and the court noted that the PSR targeted Frazier's possession of over 0.5 grams of crack cocaine as the Tennessee state-law felony. Viewed in context, it is clear that by "drug trafficking," the court meant TCA § 39-17-417(a)(4)—possession with intent to distribute.

Frazier argues that the evidence showed that he possessed the drugs for personal use, and not with the requisite intent to distribute them under TCA § 39-17-417(a)(4). But a preponderance of the evidence could support the district court's contrary finding. The prosecutor explained that Frazier's 2.4 grams of cocaine was larger than a personal-use amount (typically less than one gram), which could be an indication that Frazier intended to resell it. Tr. at 16-17. The district court did not clearly err in accepting this argument. Similarly, the court noted that the amount of marijuana Frazier possessed was "not a huge amount, but it's more than de minimis." Tr. at 15. Particularly when both drugs are taken together, the quantity is evidence of Frazier's intent to distribute them.

Also important to the district court's finding was the fact that Frazier did not have a recent or consistent employment history at the time of his arrest, which could indicate that he had been earning money through drug transactions. Moreover, Frazier was openly carrying a loaded automatic handgun. That Frazier would carry such a firearm in public suggests that he had a great apprehension of serious danger. Such apprehension would be less warranted if Frazier were only a simple drug user carrying small quantities of personal-use drugs, rather than a known distributor with access to greater quantities. Finally, the district court noted that the police had been responding

4

to a drug-dealing complaint, that the area was known for crime and drug transactions, and that Frazier's drugs were not packaged in a manner suggesting mere use.

Although there is also evidence supporting Frazier's position that he had no intent to distribute the drugs in question and that they were instead for his personal use, the district court's factual finding of possession with intent to distribute is only clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gort-DiDonato*, 109 F.3d 318, 320 (6th Cir. 1997). Viewed collectively, the facts were sufficient to support the court's finding under this deferential standard.

The facts in this case are stronger than those of *United States v. Woods*, 26 F. App'x 448, 452 (6th Cir. 2001), relied upon by Frazier. *Woods* reversed a district court finding that the defendant possessed drugs with the intent to distribute, so as to warrant a USSG § 2K2.1(b)(6) sentencing enhancement. Woods was driving through a high-drug-activity area, from his drug dealer to his home, when he was stopped for a broken taillight. *Id.* at 449-50. The police found a pistol under the driver's seat, as well as 7.5 grams of marijuana in six small bags, each having a value of five dollars. *Id.* at 449. Woods was charged with being a felon in possession of a firearm, and the district court assessed the USSG § 2K2.1(b)(6) enhancement. *Id.* at 450. This court reversed, noting that: (1) the small amount of drugs was consistent with personal use; (2) no drug paraphernalia or money was in the car; (3) the drugs had a relatively small value; (4) the neighborhood's character was as consistent with drug purchase as distribution; and (5) the gun's presence, by itself, indicated no more than the underlying weapon-possession offense. *Id.* at 451-52.

5

In contrast, Frazier had nearly twice as much marijuana as Woods, and Frazier also carried 2.4 grams of cocaine. The difference in the drug quantities makes the evidence of an intent to distribute much more compelling in Frazier's case. Unlike with Woods, there was no evidence that Frazier was en route from his drug dealer, from whom he had obviously purchased the drugs. This makes it less likely that Frazier had the drugs for personal use and more likely that he had them for resale. Also, the circumstances surrounding the guns in the cases differ in an important way: Frazier was showing his gun as he walked in public, while Woods had his gun stuffed beneath a car seat as he drove. Frazier's more active handling of his gun suggests a caution attendant to drug trafficking more than Woods' more passive possession of his gun. Finally, Frazier's lack of a recent or consistent work history suggests that he was living on a trade like drug trafficking; in *Woods*, nothing suggested this.[1]

Second, the district court correctly held that Frazier possessed the firearm "in connection with" the drug-trafficking offense of possession with intent to distribute. The enhancement applies "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." USSG 2K2.1(b)(6). The guideline's application notes explain that USSG § 2K2.1(b)(6) "appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense," and "*appl[ies] . . . in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs* . . . . In th[is] case[], application of subsection[] (b)(6) . . . is warranted

---

[1]The Government argues that simple possession can constitute the predicate felony offense for the sentencing enhancement. This argument is correct as a general matter, but only where the simple possession actually constitutes a felony. Here, simple possession in the drug amounts Frazier possessed would only constitute misdemeanors. *See* Tenn. Code Ann. §§ 39-17-418(a), (c).

because the presence of the firearm has the potential of facilitating another felony offense . . . ." *Id.* at application notes 14(A), 14(C) (emphasis added).

The guidelines classify Frazier's possession-with-intent offense as drug trafficking, *see* USSG § 2L1.2 application note 1(B)(iv), and it is undisputed that "a firearm [wa]s found in close proximity to drugs," USSG § 2K2.1 application note 14(B). Where these "drug-trafficking offense" and "close proximity" factors are satisfied, the enhancement applies without any need for further, fact-specific analysis of whether Frazier's firearm "facilitated, or had the potential to facilitate," *id.* at application note 14(A), his other felony offense of possession with intent to distribute. Frazier's gun is deemed to have been "used or possessed . . . in connection with another felony offense," USSG § 2K2.1(b)(6), because "[i]n these cases, application of subsection[] (b)(6) . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . ," *id.* at application note 14(B). The district court recognized all this when it noted that: (1) "the proximity of the firearm to the drugs was that they were essentially one and the same," Tr. at 21; (2) USSG § 2K2.1 "provides, in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, which was the case here," the enhancement "is warranted because the presence of the firearm had potential of facilitating another felony offense in this case," *id.* at 23; and (3) the evidence "clearly preponderates in favor of a determination that the possession of the firearm was in connection with another felony offense," *id.* The district court thus correctly enhanced Frazier's sentence pursuant to USSG § 2K2.1(b)(6).

Frazier relies on *United States v. McKenzie*, No. 09-5068, 2011 WL 477738 (6th Cir. Feb. 10, 2011), which reversed a USSG § 2K2.1(b)(6) enhancement where the defendant was found in his car with a gun and 1.1 grams of marijuana, as the Government had not established that McKenzie

7

possessed the gun in connection with another felony offense. *Id.* at *3-4. However, McKenzie had only committed felony drug possession, which was not a drug-trafficking felony offense. *Id.* at *1-2. We explicitly recognized the distinction in *McKenzie*. *Id.* at *2. Without a drug-trafficking offense, the enhancement could not be based solely on the close proximity of the gun to the drugs, and there was no other evidence justifying a finding that the gun facilitated McKenzie's drug-possession offense. In contrast, since Frazier committed drug trafficking, the close proximity of his gun to his drugs is determinative of the enhancement's propriety.

The district court's judgment is affirmed.