NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0012n.06

Case No. 18-1001

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 10, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| TILANO TAYLOR, JR., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT, GIBBONS, and NALBANDIAN, Circuit Judges.

**MERRITT, Circuit Judge.** Defendant Tilano Taylor pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 84 months imprisonment. On appeal he challenges the district court's application of a four-level enhancement for possessing a firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). We affirm.

**I.**

On February 2, 2017, Defendant Tilano Taylor was arrested by local police in South Haven, Michigan on an anonymous tip. At the time of arrest, he was an absconder from parole, which he was on following a 2011 conviction and imprisonment for felony assault with intent to do great bodily harm. Police found defendant's car outside an apartment complex he frequented.

Defendant was not in the vehicle, but there was a woman in the front passenger seat, and the car smelled of marijuana. Police searched the car and found a loaded semi-automatic pistol under the driver's seat and a baggie containing a small amount of marijuana consistent with personal use. Police also found ammunition and a second bag containing a small amount of marijuana in the front-seat area of the vehicle. Police also recovered from the vehicle a box of plastic sandwich bags, at least 12 of which had the corners cut off in a manner consistent with packaging drugs for sale, and a cover and packaging for a digital scale. When defendant was arrested, he had a digital scale on his person. A user-quantity amount of marijuana was found in the apartment where police arrested defendant. In the month before his arrest, local police conducted three controlled drug buys from defendant using a confidential informant. The controlled buys of crack cocaine occurred on January 9, January 18 and January 27, 2017.[1]

After his arrest on February 2, 2017, defendant was charged with possession of a firearm and ammunition as a felon. Defendant pleaded guilty and did not dispute ownership of the firearm. The presentence report recommended a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B)[2] for possessing a firearm in connection with another felony offense, namely possession of marijuana with intent to deliver. Presentence Investigation Report at ¶ 32. With an offense level of 21, and a criminal history category of V, defendant's guideline range was 70-87 months. Defendant objected to the enhancement, but the district court, noting that the objection

---

[1]Lab testing of the substance defendant sold to the confidential informant on January 18 revealed no controlled substances, but the other controlled buys tested positive for crack cocaine.

[2] U.S.S.G. § 2K2.1(b)(6)(B) states:

(6) If the defendant--

. . .

(B) used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense,

increase by 4 levels. . . .

bordered on "frivolous," overruled the objection and sentenced defendant to 84 months. Sentencing Tr. at 9-10. This timely appeal followed.

**II.**

Under § 2K2.1(b)(6), a four-level enhancement applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." *See United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011). A district court should apply the enhancement only if the government establishes by a preponderance of the evidence that there is a nexus between the firearm and an independent felony. *Id*. We accord deference to the district court's determination that the firearm was used or possessed "in connection with" another felony. *Id*. The record supports the district court's finding that there was a nexus between the gun and "another felony offense," drug trafficking, by defendant. The district court found that there was evidence of trafficking based on the marijuana and drug paraphernalia found in the car, as well as defendant's recent history of selling drugs.

Defendant contends there is no nexus between the firearm and another felony because the other crime he was charged with at the time the gun was found was simple possession of marijuana, which is not a felony. Defendant also argues that the independent felony of drug trafficking cannot be the other felony used to support the enhancement because no cocaine was found in the car at the time of defendant's arrest, and there is no other proof that defendant continued to sell drugs after the controlled buys the month before his arrest. Defendant contends that the drug paraphernalia found in the car could have been left behind from his prior cocaine sales.

The district court properly applied the enhancement. The application notes to the guidelines make clear that the predicate offense need not be charged to qualify. *See* U.S.S.G. § 2K2.1, cmt. n.14(C) ("'Another felony offense,' for purposes of subsection (b)(6)(B), means any

Federal, state, or local offense . . . regardless of whether a criminal charge was brought, or a conviction obtained."). Defendant had a loaded gun in his car, as well as marijuana and drug packaging materials. Where drug trafficking is the other felony offense, proximity to drugs, drug manufacturing materials, or drug paraphernalia will support the enhancement because guns facilitate drug trafficking. U.S.S.G. § 2K2.1, cmt. n.14(B). *See United States v. Fudge*, 175 F. App'x 694, 698 (6th Cir. 2006).

Further support that defendant was involved in drug trafficking comes from the fact that he had participated in three controlled buys of cocaine in the month prior to his arrest. The district court also noted that defendant had not been otherwise gainfully employed in recent months, further evidence that he was supporting himself through drug trafficking. *See United States v. Frazier*, 426 F. App'x 401, 404 (6th Cir. 2011) (enhancement applied where defendant possessed only a small amount of cocaine consistent with personal use, but was arrested with a loaded gun and had no consistent employment record). Given these facts, the district court could reasonably conclude that defendant possessed the firearm in connection with a drug trafficking offense. *See Taylor*, 648 F.3d at 432–33; *United States v. Burns*, 498 F.3d 578, 580–81 (6th Cir. 2007).

According the appropriate deference to the findings of the district court requires the conclusion that the government clearly established a nexus between the gun and "another felony offense" by defendant. The sentence enhancement under § 2K2.1(b)(6) was therefore proper. We affirm the judgment of the district court.