NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0512n.06

Case No. 22-6005

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Dec 11, 2023
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| JONATHAN CASEY BRYANT, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: SUTTON, Chief Judge; STRANCH and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Jonathan Bryant pleaded guilty to being a felon in possession of a firearm and ammunition. At sentencing, the district court applied a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) after finding that Bryant possessed a firearm "in connection with another felony offense." Bryant contends that the district court procedurally erred in doing so. For the reasons below, we affirm.

## I.

On August 6, 2021, McMinnville police officers received a report of alleged child abuse and responded to the River Park Hospital. There, Dawn Cooper informed the officers that her two-year-old daughter was in the hospital and that she suspected the child had been abused. Cooper told officers that she left the child at home with her ex-boyfriend, Bryant, for about an hour. When

Cooper returned home, she confronted Bryant about her daughter's injuries and Bryant, in response, threatened to kill himself and left the residence with a handgun.

Cooper informed officers of Bryant's suspected whereabouts: in the field behind the Mystic Market in McMinnville. Officers responded to the area and saw Bryant running through the field behind the store. They ordered him to the ground and took him into custody. On his person, officers discovered a bag of marijuana, two sets of digital scales, rolling papers, and at least two baggies containing 3.14 grams of methamphetamine.[1]

Approximately ten yards from where the officers arrested Bryant, officers found a backpack that contained a picture of Bryant's daughter and a flashlight inscribed with his initials. Under the backpack, they discovered a loaded Hi-Point Firearms, Model CF380, .380 caliber pistol with an obliterated serial number.

Following his arrest, a federal grand jury indicted Bryant on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).[2] On June 15, 2022, Bryant pleaded guilty to the felon-in-possession charge without a plea agreement.

At sentencing, the district court applied a four-level enhancement to Bryant's offense level pursuant to U.S.S.G. § 2K2.1(b)(6)(B), finding that Bryant possessed a firearm in furtherance of a drug-trafficking offense. Specifically, the court found that the enhancement applied because Bryant possessed a firearm in close proximity to drugs and drug paraphernalia. The district court sentenced Bryant to a within-Guidelines sentence of 63 months' imprisonment. Bryant timely appealed.

---

[1] It is unclear from the record below whether Bryant possessed two or three baggies of methamphetamine.

[2] A state grand jury indicted Bryant on multiple charges, including possession of 0.5 grams or more of methamphetamine with intent to deliver.

## II.

We review sentences under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Bryant challenges the procedural reasonableness of his sentence. Specifically, Bryant contends that the district court erred by applying the firearm enhancement under U.S.S.G. § 2K2.1(b)(6)(B). In essence, he argues that the district court improperly calculated his Guidelines range. *See id.*

"In the specific context of the § 2K2.1(b)(6)(B) firearm enhancement, we review the district court's factual findings for clear error and accord due deference to the district court's determination that the firearm was used or possessed in connection with the other felony, thus warranting the application of the . . . enhancement." *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011)). This standard recognizes that "the district court's determination that the firearm was used or possessed 'in connection with' the . . . felony . . . is a 'fact-specific inquiry.'" *Taylor*, 648 F.3d at 431 (quoting *United States v. McKenzie*, 410 F. App'x 943, 946 (6th Cir. 2011)); *see United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019) (citing cases). A district court's factual finding "is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction' that the district court made a mistake." *United States v. Ellis*, 938 F.3d 757, 761 (6th Cir. 2019) (quoting *United States v. Vasquez*, 352 F.3d 1067, 1070 (6th Cir. 2003)).

For a defendant convicted of unlawfully possessing a firearm, a district court should increase the defendant's offense level if the defendant "used or possessed" the firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). As the Sentencing Commission's commentary explains, the enhancement applies "if the firearm . . . facilitated, or

had the potential of facilitating, another felony offense." *Id.* § 2K2.1 cmt. n.14(A). "Another felony offense" includes federal or state felony offenses. *Id.* § 2K2.1 cmt. n.14(C).

**A.**

We must first determine whether the district court clearly erred in finding that Bryant committed another felony offense—namely, a drug-trafficking offense. Under Tennessee law, it is a felony to knowingly possess "with intent to manufacture, deliver or sell" more than 0.5 grams of methamphetamine. TENN. CODE ANN. § 39-17-434(a)(4); *id.* § 39-17-417(c)(1).

At sentencing, the district court found that Bryant committed the felony drug-trafficking offense of possession of methamphetamine with intent to deliver or sell. This finding was not clearly erroneous. For one, Bryant possessed 3.14 grams of methamphetamine—multiple doses—packaged into at least two baggies. *See United States v. Vaughn*, 781 F. App'x 444, 446–47 (6th Cir. 2019) (finding that district court's application of U.S.S.G. § 2K2.1 firearm enhancement was proper where officers also found the defendant in possession of a firearm, three bags of methamphetamine weighing a total of three grams, twenty-five small baggies, and a digital scale). He also had two digital scales on his person which, to a reasonable factfinder, could indicate that he planned to distribute the drugs. *See United States v. Street*, 614 F.3d 228, 236 (6th Cir. 2010) (observing that digital scales are "often used by drug dealers"); *United States v. Richardson*, 510 F.3d 622, 627 (6th Cir. 2007) (citing "the digital scale and the large quantity of marijuana" as "evidence of drug distribution").

Bryant maintains that this evidence does not establish drug trafficking. He argues that the evidence points equally to the conclusion that Bryant carried these items for his personal use and because he was homeless. Notably, he does not dispute that the evidence could also support an inference of the intent to distribute. And in circumstances "'[w]here there are two permissible

views of the evidence,' we are loath to accept the invitation to overturn a district court's choice between them." *United States v. Massey*, 758 F. App'x 455, 462 (6th Cir. 2018) (alteration in original) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)); *see United States v. Darwich*, 337 F.3d 645, 663 (6th Cir. 2003) ("If the district court interprets the evidence in a manner consistent with the record, we are required to uphold its decision even if we would have reached the opposite conclusion."). Based on the evidence, Bryant has not shown that the district court clearly erred in finding that he trafficked in methamphetamine. *See United States v. Hampton*, 769 F. App'x 308, 310–11 (6th Cir. 2019) (finding that while there was evidence that defendant "may have been a user," that did not foreclose the possibility that he was also a drug trafficker, especially given officers' discovery of a large quantity of drugs, baggies, digital scale, and loaded firearm); *Shanklin*, 924 F.3d at 921 (finding that presence of multiple digital scales near marijuana plants "strongly suggests" drug trafficking).

Bryant asks us to consider *United States v. Woods*, a case where we found that the district court erred in applying the U.S.S.G. § 2K2.1(b) sentencing enhancement. 26 F. App'x 448, 452 (6th Cir. 2001). In that case, officers stopped Woods (a felon) and searched his vehicle, finding a semi-automatic pistol and six small "nickel bags" of marijuana, which weighed 7.5 grams collectively. *Id.* at 449. They did not find any drug paraphernalia or money. *Id.* But Bryant's efforts to compare the evidence in *Woods* to his case fall short. As we noted in *Woods*, "[t]he fact that there was no drug paraphernalia recovered in the vehicle, such as a scale . . . weighs against an inference that Woods intended to distribute the small amount of drugs." *Id.* at 451. When officers arrested Bryant, they found more than just drugs and a firearm: they also recovered drug paraphernalia in the form of the digital scales.

Bryant also argues that his prior state charges for drug trafficking do not support the conclusion that he possessed methamphetamine with intent to sell or deliver on the occasion at issue. But we need not consider those prior offenses because the evidence of his possession of two digital scales and more than three grams of methamphetamine in baggies is sufficient to establish that Bryant engaged in a felony drug offense.

**B.**

Next, we consider whether the district court erred in finding that Bryant possessed a firearm in connection with the methamphetamine-trafficking offense. For the firearm enhancement to apply, there must have been "a nexus between the firearm" and Bryant's methamphetamine trafficking. *Taylor*, 648 F.3d at 432 (quoting *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009)). As the Guidelines commentary explains, the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1 cmt. n.14(B)(ii).

We accord "due deference" to the district court's determination that Bryant possessed a firearm in connection with methamphetamine-trafficking. *Seymour*, 739 F.3d at 929 (quoting *Taylor*, 648 F.3d at 432); *see United States v. McQueen*, No. 21-4211, 2022 WL 16848875, at *3 (6th Cir. Nov. 9, 2022) ("Although we have not set clear parameters around due deference, at the very least it means that if the undisputed facts support the district court's determination, we will defer to it."). However, "possession of firearms that is merely coincidental to the underlying felony offense is insufficient to support the application of § 2K2.1." *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001). "The proximity of the gun to the drugs and whether the defendant has an innocent explanation for the firearm are both factors to be considered," as are "the type of

firearm and whether it is loaded." *Taylor*, 648 F.3d at 432–33; *see also Shanklin*, 924 F.3d at 920 (listing factors).

The district court did not err in determining that Bryant possessed a firearm in connection with a felony drug offense as the firearm was "found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia." R. 48, PageID 379. Officers located the firearm approximately ten yards away from where Bryant was ordered to the ground, outside of his backpack and easily accessible. *See Vaughn*, 781 F. App'x at 446–47 (district court did not err in applying enhancement when firearm was found over 150 yards away from drugs). The firearm was loaded and the serial number was obliterated. Bryant had drugs and drug paraphernalia on his person. This evidence supports the conclusion that Bryant intended to support and protect his drug trafficking with the firearm.

### III.

For these reasons, we **AFFIRM** the imposed sentence.