# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1917
_____

United States of America

*Plaintiff - Appellee*

v.

Joe Freeman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: June 9, 2025
Filed: August 7, 2025
[Unpublished]
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.


Joe Freeman pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He stipulated to the following facts. In 2021, police officers found Freeman asleep in a traffic lane behind the wheel of an idling car. After waking and arresting him, they searched him and found 37.22 grams of marijuana in eight plastic baggies and a loaded Ruger LCP .380 pistol in the car's center console. Later that year, officers found Freeman asleep behind the wheel with a

loaded gun two more times, once with a "roach" in the ashtray and once with two more marijuana baggies. Freeman had previously been convicted of distribution of marijuana in 2003 and selling an imitation controlled substance resembling crack cocaine in 2005.

The presentence report included a four-level enhancement for possessing a firearm "in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6)(B)—distribution of marijuana. Over Freeman's objection, the district court[1] adopted the PSR's findings, determined his guideline sentence was 120 months, and sentenced him to 90 months in prison.

The district court did not clearly err in finding that Freeman possessed the gun in connection with felony distribution of marijuana.[2] See United States v. Mitchell, 963 F.3d 729, 731 (8th Cir. 2020) (factual findings reviewed for clear error). Freeman's intent to distribute may be inferred from the individually packaged quantities of marijuana and his prior drug distribution offenses. United States v. Brockman, 924 F.3d 988, 993 (8th Cir. 2019) (packaging); United States v. Bates, 614 F.3d 490, 495 (8th Cir. 2010) (prior conviction for distribution of user quantity). And the gun was within arm's reach of the marijuana. See Brockman, 924 F.3d at 992 ("When the felony offense is drug trafficking, the Guidelines mandate

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

[2]The district court found that Freeman was engaged in a drug-trafficking felony when it "accept[ed] the [PSR] in its entirety," which applied the enhancement based on felony distribution. Because we see no clear error in the court's distribution finding, we do not reach the Government's alternative argument that Freeman possessed the firearm in connection with felony drug possession. Nor do we reach Freeman's argument that the district court failed to make an affirmative finding that the gun "facilitated" the felony offense—a finding required only when the underlying offense is simple possession. United States v. Blankenship, 552 F.3d 703, 705 (8th Cir. 2009).

application of the enhancement if the 'firearm is found in close proximity to drugs.'" (quoting U.S.S.G. § 2K2.1 cmt. n.14(B))).

Freeman argues that the undisputed facts are "equally consistent" with possession for personal use because 37.22 grams is well below the 85 grams now permitted under Missouri law, see Mo. Const. art. XIV, § 2 (effective Dec. 8, 2022), and drugs are purchased as well as distributed in individual packages, see United States v. Woods, 26 F. App'x 448, 450 (6th Cir. 2001). But even if that is true, "where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." United States v. Almeida-Perez, 549 F.3d 1162, 1173 (8th Cir. 2008).

Affirmed.

_____