NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0645n.06
Filed: August 2, 2005

04-1393

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANDRE WHITE, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges, and SARGUS,[*] District Judge.

**PER CURIAM.** The defendant, Andre White, pleaded guilty to being a felon in possession of a firearm and received a prison sentence of 76 months, to be followed by three years of supervised release. Before this court, White contends that the district court erred in applying a four-level enhancement under § 2K2.1 of the relevant edition of the United States Sentencing Guidelines, arguing that the facts do not support such an enhancement. In light of the Supreme Court's pronouncements in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), and our recent decisions interpreting that case, we conclude that the defendant's sentence must be vacated and the case remanded for re-sentencing, because the district court treated the guidelines as mandatory. But given the

---

[*]The Hon. Edmund A Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

evidence in the record, we also conclude that the district court correctly determined that a

§ 2K2.1 enhancement is proper in this case.

## **FACTUAL AND PROCEDURAL BACKGROUND**

The defendant and the government do not dispute the underlying facts of this case.

As summarized by the United States Probation Office in the pre-sentence report:

> On April 7, 2003, a State of Michigan search warrant was executed at 14870 Blackstone, Detroit, Michigan by DPD officers. Prior to entering the home, an officer observed the defendant sitting at a table, holding a lotto wrap containing suspected narcotics. Once the officers announced their presence, the defendant dropped the lotto wrap on the table and opened the front door. The lotto wrap was found to contain loose cocaine (.3 grams).
>
> A search of the home revealed an unloaded Rohm .22 caliber revolver, Serial No. 106361, confiscated from the chair next to where the defendant was seated, under a coat. In the garage, officers located a Smith and Wesson, Model 59, 9mm handgun, Serial No. A407975, with an infrared scope, loaded with 15 live rounds. On the defendant, officers located a key to the front door.
>
> The defendant admitted that he was aware of the cocaine located in the residence, and that he brought the .22 caliber weapon to the residence. After it was determined the defendant had a prior felony conviction, the case was transferred for federal prosecution.
>
> AFT [sic] agents later determined that the 9mm handgun (found in the garage) had been stolen in 1998, from a residence in Whitmore Lake, Michigan. However, there was no evidence that the defendant was aware of this gun, as the house was often used by others for selling drugs.

In light of the evidence against him, White entered a guilty plea with the district court

and submitted to investigation by a probation officer. The resulting pre-sentence report

recommended that White be classified as a level 17, criminal history category V, offender

subject to a prison term of 46-57 months. More than two weeks after the deadline for filing objections to that report, however, the government asserted that White's offense level should be increased an additional four levels because the .22 caliber firearm constructively possessed by the defendant was "used . . . in connection with another felony." UNITED STATES SENTENCING GUIDELINES MANUAL § 2K2.1(b)(5) (2003). Specifically, the United States claimed that White's possession of .3 grams of cocaine qualifies as a state felony offense, despite the small amount of illegal substance involved, because such possession is punishable under Michigan law by incarceration of up to four years. *See* MICH. COMP. LAWS ANN. § 333.7403(2)(a)(v).

The district judge concurred in the government's assessment and determined that the defendant should be subjected to a sentencing range of 70-87 months as an offense level 21, criminal history category V, offender. The court then imposed a prison term of 76 months, a three-year term of supervised release, and a $100 special assessment. White now appeals, challenging the propriety of the four-level increase in the applicable offense level.

## DISCUSSION

After the completion of briefing in this matter, the United States Supreme Court released its opinion in *Booker*. In that case, the Supreme Court held:

> [T]he Sixth Amendment forbids judicial determination of "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding

> the maximum" sentence – *i.e.*, the upper extreme of the guidelines sentence range – "authorized by the facts established by a plea of guilty or a jury verdict . . . ."

*United States v. McCraven*, 401 F.3d 693, 700 (6th Cir. 2005) (quoting *Booker*, 125 S.Ct. at 756).

Because the defendant admitted at his plea hearing that he possessed the unloaded .22 caliber firearm and the .3 grams of cocaine found or seen near him, all *facts* necessary to support application of the enhancement discussed in § 2K2.1(b)(5) of the guidelines were established in this case without need for "judicial determination." White's sentence thus does not violate the Sixth Amendment as construed in *Booker*, and White is not "entitled to have a jury second-guess his guilty plea." *McCraven*, 401 F.3d at 700.

Nevertheless, "the remedy ordered by the Court in *Booker* had the effect of altering the Sentencing Reform Act to make the guidelines advisory rather than mandatory." *Id.* Consequently, "we believe that it would be prudent to accord the district court an opportunity to take another look at the sentence in light of the new dispensation. *See United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005)." *Id.* (footnote omitted).

Even though *Booker* "severed and rendered inapplicable 18 U.S.C. §§ 3553(b)(1) and 3742(e), which made adherence to the Guidelines mandatory, the *Booker* Court also explained that sentencing courts should continue to consider the recommended Guideline sentence. *See Booker*, 125 S.Ct. at 764; *see also* 18 U.S.C. § 3553(a)." *United States v.*

*McDaniel*, 398 F.3d 540, 550-51 (6th Cir. 2005). Hence, we must now undertake to examine the applicability of the challenged guideline enhancement in this case. As in *McDaniel*, "[w]e emphasize, however, that our discussion of th[is] Guidelines provision[ ] should not be construed as requiring the district court to impose a sentence reflecting th[is] enhancement[ ] or as speaking to the ultimate reasonableness of the sentence[ ] the district court orders on remand." *Id.* at 551 n.9.

Despite admitting that he possessed both a firearm (albeit unloaded) and .3 grams of cocaine, White argues that the § 2K2.1(b)(5) enhancement cannot properly be applied to this situation because the record contains insufficient evidence that the gun was used "in connection with" the Michigan state law felony of possession of cocaine. The defendant, citing *United States v. Hardin*, 248 F.3d 489, 495 (6th Cir. 2001), and *United States v. Clay*, 346 F.3d 173, 179 (6th Cir. 2003), insists that the mere "presence of drugs in a home does not *ipso facto* support the application of a § 2K2.1(b)(5) conviction."

In making the statement referenced by White, however, the court in *Hardin* was discussing the hypothetical situation "where a defendant arrested at his residence has an unloaded hunting rifle in the closet." *Hardin*, 248 F.3d at 501. In contrast, White was not in his own residence and, although his gun was unloaded, he had it within his reach, presumably to give the impression that he was willing to use the weapon should anyone attempt to interfere with his possession or use of the illegal narcotics at the site. Thus, the

appellate record indicates that the district court did not err in its application of § 2K2.1(b)(5) to the determination of the defendant's sentence.

**CONCLUSION**

Although we hold that the sentence enhancement imposed in this case was appropriate, because the district court considered the guidelines to be mandatory rather than discretionary, the sentence must be VACATED and the case REMANDED to the district court for re-sentencing in conformity with *Booker*.