NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0436n.06

No. 08-5968

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Jun 24, 2009** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MILTON ROGERS, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MARTIN and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

KETHLEDGE, Circuit Judge. Defendant Milton Rogers challenges the sentence imposed following his guilty plea to being a felon in possession of a firearm. We reject his arguments, and affirm.

I.

In response to citizen complaints, Memphis police officers were patrolling an area near 785 Polk Avenue on April 23, 2007. They called out to Rogers, and he ran away. The officers chased and eventually arrested him, finding a loaded .38-caliber revolver and 7.2 grams of marijuana on his person. Rogers admitted to having purchased the marijuana just before the police arrived. He was later charged in state court for his possession of it. A federal grand jury separately indicted Rogers

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Rogers pled guilty to that offense on March 24, 2008.

Rogers' Presentence Investigation Report (PSR) recommended a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), reflecting his two prior controlled-substance felony convictions. The PSR also recommended a four-level increase pursuant to § 2K2.1(b)(6), because Rogers possessed the firearm "in connection with another felony offense[,]" namely, his third or subsequent possession-of-a-controlled-substance offense. *See* Tenn. Code. Ann. § 39-17-418(e) (simple possession or casual exchange of a controlled substance "is a Class E felony where the person has two (2) or more prior convictions under this section"). After incorporating a three-level reduction for acceptance of responsibility, the PSR recommended a total offense level of 25. Rogers' extensive criminal record placed him in Criminal History Category VI. His advisory Guidelines range was therefore 110-137 months. The district court sentenced Rogers to 110 months' imprisonment.

This appeal followed.

## II.

We review the district court's factual findings for clear error, *United States v. Clay*, 346 F.3d 173, 178 (6th Cir. 2003), and we review *de novo* "[w]hether the facts found by the district court warrant the application of a particular guideline provision[.]" *United States v. Richardson*, 510 F.3d 622, 625 (6th Cir. 2007) (internal quotation marks omitted).

Rogers argues that he did not possess the firearm "in connection with" his controlled-substance felony offense, and that the district court therefore should not have applied a four-level

enhancement under U.S.S.G. § 2K2.1(b)(6). That section applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense[.]" U.S.S.G. § 2K2.1 cmt. n.14(A). The government must "prove[] by a preponderance of the evidence that the firearm served some purpose with respect to the felonious conduct," such as "embolden[ing] the defendant during" it. *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) (internal quotation marks omitted). Rogers contends that this test was not met here, because "[h]e had no compelling desire to [possess a firearm to] protect a small quantity of marijuana[,]" and, he says, his possession of the loaded firearm while he possessed the drugs was "purely coincidental." Appellant's Br. at 14. We take a more narrow view of coincidences, and instead agree with the district court's finding that "it would be ignoring common sense to say that a person who takes a gun to a drug transaction doesn't have it there in connection with the drug transaction. . . . [I]n this particular case, both the gun was possessed and the drugs were purchased at the same time." ROA Sentencing Tr. Vol. 1 at 13-14. *Cf. Clay*, 346 F.3d at 179 (upholding four-level enhancement where defendant carried a firearm while possessing less than two grams of cocaine, and a large amount of cash). Rogers' possession of a loaded revolver facilitated—and had "the potential of facilitating"—his purchase and continuing possession of the drugs.

Rogers next argues that the district court impermissibly double-counted when it used his two prior felony convictions for drug possession "to assess both his base offense level and an enhancement under U.S.S.G. § 2K2.1(b)(6)." Appellant's Br. at 15. Because Rogers did not raise this objection in the district court, we review it for plain error. *See United States v. Oliver*, 397 F.3d 369, 375 (6th Cir. 2005).

It is undisputed that the prior convictions were first counted in determining Rogers' base-offense level under the Guidelines. They were counted a second time, he contends, when they converted otherwise non-felonious conduct—namely, his possession of 7.2 grams of marijuana in the subject incident—into felonious conduct under Tennessee state law, which in turn made him eligible for the § 2K2.1(b)(6) enhancement. But that conversion is not a counting at all, at least not one made pursuant to the Guidelines. The Guidelines ask only whether the related offense was "punishable by imprisonment for a term exceeding one year[.]" U.S.S.G. § 2K2.1 cmt. n.14(C). The related offense was so punishable here, because Tennessee law defines Rogers' possession offense to be a Class E felony, punishable by one-to-six years' imprisonment. Tenn. Code Ann. § 40-35-112. The Guidelines take that definition as they find it. Under the Guidelines themselves, therefore, Rogers' prior convictions were counted only once.

We affirm the judgment of the district court.