BOGGS, Circuit Judge.
Defendant Alvin McKenzie appeals his fifty-seven-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). McKenzie challenges the district court’s application of a four-level sentence enhancement for possession of a firearm “in connection with” another felony offense, marijuana possession. Under § 2K2.1(b)(6) of the United States Sentencing Guidelines Manual (“USSG”), such a connection is established if the government proves by a preponderance of the evidence that the firearm had the potential to facilitate the additional *944 offense. Here, we find that the government failed to meet this burden, as the only link between the gun and the small amount of marijuana McKenzie possessed was their simultaneous presence in his car. We therefore vacate the district court’s sentence and remand for re-sentencing.
I
The underlying facts in this case are not disputed. On April 9, 2007, McKenzie, accompanied by an unknown passenger, was pulled over by a Memphis police officer for driving without a seatbelt and with an illegible temporary license tag. The officer observed a bag of marijuana on the arm rest of the driver-side door and saw McKenzie reach several times between his seat and the car’s center console.
McKenzie got out of the car at the officer’s request, while his passenger fled. McKenzie informed the officer that he had hidden a gun between the driver’s seat and the center console. He claimed he had the gun for protection because he had been fired upon earlier that day. A vehicle search revealed a loaded Pietro Beretta 7.65-caliber pistol. The officer also recovered a bag containing 1.1 grams of marijuana. McKenzie was advised of his rights and arrested. A criminal history search uncovered a previous felony conviction. On August 27, 2008, McKenzie pled guilty to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The pre-sentence report (“PSR”) assigned McKenzie an initial base offense level of 20. It then applied a four-level enhancement, pursuant to § 2K2.1(b)(6), for possession of a firearm in connection with another felony offense: felony possession of marijuana. The PSR explained that, under Tennessee law, possession of a controlled substance is a felony when a defendant has “two or more prior convictions” for similar offenses. McKenzie had two prior adult convictions for possession of a controlled substance. After a three-level reduction for acceptance of responsibility, the PSR assigned McKenzie a total offense level of 21. McKenzie’s criminal history category was IV. This yielded an advisory Guidelines range of fifty-seven to seventy-one months of imprisonment.
At sentencing, McKenzie objected to the four-level enhancement, arguing that there was no connection between the marijuana possession and the firearm. He argued that the small amount of marijuana was clearly meant for personal use and explained that he was carrying the gun for personal protection because he had been shot at earlier that day. The prosecutor conceded that there was no evidence McKenzie was engaged in drug trafficking, but contended that, because possessing drugs in any amount is “a dangerous business,” the simultaneous presence of the gun and the drugs in McKenzie’s car was sufficient to connect the firearm to the drug offense.
The district court found that under Tennessee Code Annotated § 39-17-418, McKenzie’s marijuana possession would be considered a felony, given his two prior convictions for drug possession. Looking to the Guidelines commentary, the court noted that, for the enhancement to apply, the firearm must have “had the potential of facilitating” the drug offense. See USSG § 2K2.1, comment. (n.l4(A)). The court concluded that because “the firearm and the marijuana were in close proximity to each other[,] .... the firearm in this case did have the potential of facilitating another felony offense.” The court then sentenced McKenzie to the low end of the Guidelines range. McKenzie filed this timely appeal.
II
This court reviews a sentencing decision for procedural and substantive reasonable *945 ness. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The former includes review for “procedural error in the calculation of the guideline range.” United States v. Bartee, 529 F.3d 357, 358 (6th Cir.2008). Although we review factual determinations made during sentencing for clear error, United States v. Webb, 616 F.3d 605, 609 (6th Cir.2010), we review legal conclusions regarding the application of the Sentencing Guidelines de novo, United States v. Hover, 293 F.3d 930, 933 (6th Cir.2002). Thus, we review de novo the question of whether a four-level enhancement was appropriate under § 2K2.1(b)(6) given the facts in this case.
Ill
The Sentencing Guidelines instruct a court to increase a defendant’s base offense level by four levels “[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense.” USSG § 2K2.1(b)(6). McKenzie need not have actually been charged with drug possession for the marijuana possession to constitute an additional felony offense. See id. § 2K2.1, comment. (n. 14(C)) (“ ‘Another felony offense’ ... means any federal, state, or local offense ... punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.”). But for the enhancement to apply, the government must “establish[ ], by a preponderance of the evidence, a nexus between” the felonious drug possession and the firearm. United States v. Bullock, 526 F.3d 312, 317 (6th Cir.2008) (quoting United States v. Burns, 498 F.3d 578, 580 (6th Cir.2007) (emphasis added)).
In 2006, the Sentencing Commission clarified that, when the additional felony offense involves drug trafficking, the sentencing enhancement applies whenever “a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia,” because “the presence of the firearm has the potential of facilitating another felony offense.” USSG § 2K2.1, comment, (n. 14(B)). In other cases, however, the enhancement applies only “if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense.” Id. § 2K2.1, comment. (n. 14(A)). The contrast between these two sections of the commentary indicates that, while close proximity between a firearm and drugs will suffice to justify the enhancement when an offender is engaged in drug trafficking, in other cases the enhancement applies only if the government can establish that the firearm actually or potentially facilitated that offense. This circuit’s case law confirms that, while proximity may be “indicative of a connection,” the government cannot always rely on proximity alone to establish a nexus. United States v. Angel, 576 F.3d 318, 321 (6th Cir.2009) (noting that “proximity may not be dispositive”). Rather, “the defendant’s firearm possession needs to reduce, or have the potential of reducing, the difficulty of completing the other offense.” United States v. Richardson, 510 F.3d 622, 629 (6th Cir.2007) (McKeague, J., concurring).
In analyzing whether firearm possession is “in connection with” a drug felony, the Sixth Circuit has adopted the “fortress theory.” Under that theory, a nexus between the firearm and the drug felony exists “if it appears that the firearms ... are to used to protect the drugs or otherwise facilitate a drug transaction,” or “if the firearm had some emboldening role” in the drug offense. Angel, 576 F.3d at 321 (quoting United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989)). The government relies on the fortress theory in this ease, arguing that the firearm allowed McKenzie to “protect” his bag of marijuana and “emboldened” him to carry it in public. The government’s brief argues that “one can *946 reasonably surmise that but for the firearm, the Defendant would not have felt safe enough to venture into public with his marijuana.”
Determining whether possession of a firearm actually or potentially facilitated a drug offense involves a fact-specific inquiry. Cases in which this court has applied the fortress theory have involved drug transactions, the use of firearms to protect a valuable stash of drugs, or some indication that a firearm was used to keep the defendant safe while using or transporting drugs. See, e.g., United States v. Rogers, 333 Fed.Appx. 975, 976-77 (6th Cir.2009) (unpublished) (enhancement warranted where defendant carried gun to a drug transaction); United States v. White, 144 Fed.Appx. 486, 487 (6th Cir.2005) (unpublished) (defendant apprehended with gun and .3 grams of cocaine in house “often used by others for selling drugs”); James v. United States, 217 Fed.Appx. 431, 438 (6th Cir.2007) (unpublished) (gun found in proximity to 33 grams of marijuana meant for resale); United States v. Burns, 498 F.3d 578, 580 (6th Cir.2007) (“[PJolice found the firearm in close proximity to drugs and drug paraphernalia shortly after conducting a controlled buy at the residence.”); Richardson, 510 F.3d at 627 (gun was found in proximity to “a large quantity of marijuana and digital scales”); United States v. Clay, 346 F.3d 173, 175 (6th Cir.2003) (defendant apprehended in uninhabited apartment late at night with firearm, $575 in cash, and 1.6 grams of crack); United States v. Hardin, 248 F.3d 489, 500 (6th Cir.2001) (gun located near a “large stash of cocaine” for sale); United States v. Ennenga, 263 F.3d 499, 503-04 (6th Cir.2001) (defendant “holed up” in basement apartment containing firearms and several dozen marijuana plants and protected by an alarm system).
Under the circumstances at hand, however, the government has not proven by a preponderance of the evidence that McKenzie’s firearm had the potential to facilitate his marijuana possession. We first note that, in this case, there was no evidence that McKenzie was engaged in drug trafficking. There was no evidence as to where the marijuana came from, and the amount was too small to support an inference of trafficking. Second, although the “fortress theory” cases indicate that, under some circumstances, a firearm can facilitate mere drug possession, this case involved a very small amount of marijuana that was clearly meant for McKenzie’s personal use, not a valuable quantity like those involved in Richardson, Hardin, and Ennenga. Indeed, possession of the 1.1 grams of marijuana found in McKenzie’s vehicle would normally constitute a misdemeanor. See Tennessee Code Annotated §§ 39-17-401 et seq. Only McKenzie’s previous convictions led the PSR to conclude that in his case possession of even this small amount would constitute a felony. Even so, the street value of the marijuana was minimal.[1] We also believe that the government’s argument that McKenzie needed the Beretta to “embolden” him to carry a few dollars worth of pot in public is somewhat implausible on its face — many people carry small amounts of pot without a firearm. According to the PSR, McKen *947 zie himself had been arrested before for smoking a joint in public, and he had no firearm on his person on that occasion. Finally, although McKenzie told the police he was carrying the gun for protection, the facts suggest that he feared for his life, not that someone would steal a baggie of pot from his car.
On nearly identical facts, the Fifth Circuit recently rejected the argument that a defendant’s possession of a gun “emboldened” him to possess or served to “protect” the small amount of drugs found in his car. United States v. Jeffries, 587 F.3d 690, 695 (5th Cir.2009) (firearm and single “rock” of crack cocaine found in a vehicle). That court explained, “the evidence that would allow us to draw those conclusions must be something more than the simultaneous possession of a small quantity of drugs and a gun in the same vehicle standing alone.” Ibid. Similarly, here there simply is no evidence apart from mere proximity to connect the presence of the firearm in McKenzie’s car with his possession of T.l grams of marijuana. The Sentencing Commission has made it clear that, in felonies that do not involve drug trafficking, proximity alone is not sufficient. See USSG § 2K2.1, comment, (n.14). To rely solely on proximity to establish the required connection in this case, as the district court seemed to do, would render the distinction in the Guidelines commentary between drug trafficking and other felonies meaningless. Absent at least some additional connection, therefore, the application of the sentencing enhancement was improper.
IV
The government has failed to prove, by a preponderance of the evidence, that McKenzie possessed a firearm “in connection with” his possession of marijuana. The district court therefore improperly applied a four-level enhancement to his sentence. Miscalculation of a Guidelines range constitutes a procedural error. Bartee, 529 F.3d at 358. We therefore VACATE McKenzie’s sentence and REMAND his case for re-sentencing.

. The record does not contain evidence of the actual value of the marijuana, but previous cases and news articles indicate that 1.1 grams of marijuana was likely worth $2 to $15, depending on its quality. See United States v. Jiminez, 564 F.3d 1280, 1283 (11th Cir.2009) (117 pounds of packaged marijuana worth approximately $350,000, or $6.59 per gram); United States v. Toliver, 374 Fed.Appx. 655, 656 (7th Cir.2010) (unpublished) (fifteen pounds of marijuana worth $10,000, or $1.47 per gram); Chris Morris, As Medical Marijuana Proliferates, Pot Prices Decline Nationwide, CNBC.com, Dec. 7, 2010, www.cnbc.com/id/ 40533630 (listing prices from $161 to $452 per ounce, or $5.68 to $15.94 per gram).