NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0173n.06

Case No. 24-3264

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Mar 31, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| GUANTERIO LOGAN, | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

Before: COLE, STRANCH, and READLER, Circuit Judges.

COLE, J., delivered the opinion of the court in which STRANCH, J., concurred. READLER, J. (pp. 11–13), delivered a separate dissenting opinion.

COLE, Circuit Judge. Guanterio Logan pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 110 months imprisonment. Logan now appeals the sentence, raising one issue: whether the district court erred in applying a four-level enhancement for possession of firearms in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). Because the district court erred in applying the enhancement, we vacate the sentence and remand the case to the district court for resentencing consistent with this opinion.

I.

On February 22, 2023, officers stopped a vehicle traveling with no visible license plate in Summit County, Ohio. Since none of the occupants had licenses, the vehicle had to be towed, and officers accordingly asked the occupants to exit the vehicle. Guanterio Logan was one of the

passengers. When Logan exited, officers observed a mason jar of marijuana and a digital scale in the vehicle and arrested Logan for possession of drug paraphernalia and marijuana. During a search incident to arrest, officers discovered a plastic bag in Logan's left pants pocket containing what they later identified as 6.19 grams of methamphetamine. Further search of the vehicle uncovered a handgun and ammunition in a bag next to where Logan was sitting.

A grand jury indicted Logan in the Summit County Court of Common Pleas for having weapons under a disability, because of a previous felony conviction, and aggravated possession of drugs. These charges were later dismissed because of federal prosecution as, on August 9, 2023, a federal grand jury indicted Logan on one count charging felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

On December 6, 2023, Logan pleaded guilty to the sole count of the indictment pursuant to a written plea agreement. The presentence report (PSR) recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the gun in connection with another felony offense, noting that Logan "possessed the firearm in connection with methamphetamine possession and was indict[]ed for Aggravated Possession of Drugs [] in Summit County." (PSR, R. 21, PageID 76.) Logan objected, arguing that the enhancement was not included in his written plea agreement and was not charged in the indictment. Responding to Logan's objection, the probation office stated:

> The probation officer conducts an independent investigation into the facts of the case and an independent sentencing guideline analysis based on those facts. In addition to having a firearm, ammunition, marijuana, and digital scale, the defendant possessed 6.19 grams of methamphetamine pursuant to a City of Akron Police Division laboratory report and was indicted for a felony drug offense in the Summit County Court of Common Pleas. The enhancement is appropriately applied.

(Addendum to PSR, R. 22, PageID 110.) The PSR thus calculated a total offense level of 25 which, when combined with Logan's criminal history category of VI, yielded a guidelines range of 110 to 137 months. It noted that the plea agreement called for a total offense level of 21 which, with Logan's criminal history category, would have resulted in a guidelines range of 77 to 96 months.

At the sentencing hearing, Logan maintained his objection to the enhancement. Defense counsel argued that the quantity of methamphetamine suggested only "personal use" and that "[t]here [was] no indicia of any drug trafficking [], and in no way did the firearm facilitate the crime [of possessing methamphetamine]." (Sentencing Hr'g Tr., R. 33, PageID 149.) The government also argued against application of the enhancement. It noted that whether the "firearm further[ed] a possession offense" was a "tougher [] argument to make as opposed to [] drug trafficking." (*Id.* at PageID 151.) As for the possibility of trafficking, the government reasoned that, while the quantity of methamphetamine was "borderline" for personal use and was found along with a jar of marijuana and a scale, Logan did not have a "cellphone or a larger amount of U.S. Currency" and the drugs he possessed were "not individually packaged." (*Id.* at PageID 151.) Thus, the government advised the court that it could not conclude that Logan engaged in trafficking by a preponderance of the evidence.

Over Logan's objection and against the government's recommendation, the district court applied the enhancement and indicated in its statement of reasons that it had adopted the PSR without change. The district court sentenced Logan to 110 months' imprisonment. Logan appeals his sentence.

II.

"We review a district court's calculation of the advisory sentencing Guidelines as part of our obligation to determine whether the district court imposed a sentence that is procedurally unreasonable." *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009) (cleaned up). Procedural reasonableness asks the district court to meet several requirements, including "properly calculat[ing] the Guidelines range," "select[ing] the sentence based on facts that are not clearly erroneous," and "adequately explain[ing] why it chose the sentence." *United States v. Morris*, 71 F.4th 475, 481 (6th Cir. 2023) (quotation omitted). We review the district court's factual findings for clear error and its legal interpretation of the Guidelines de novo. *United States v. Mukes*, 980 F.3d 526, 533 (6th Cir. 2020).

Section 2K2.1(b)(6)(B) of the United States Sentencing Guidelines advises the court to increase a defendant's felony offense by four levels "if the defendant[] used or possessed any firearm or ammunition in connection with another felony offense[.]" To apply the enhancement, the sentencing court must determine by a preponderance of the evidence that the defendant committed another felony offense—even if that offense was not criminally charged or a criminal conviction was not obtained—and that the "firearm or ammunition facilitated[] or had the potential of facilitating" the offense. U.S.S.G. § 2K2.1, Application Note 14(A), (C); *see United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) (stating that judicial fact-finding in sentencing proceedings is conducted under a preponderance of the evidence standard). We accord "due deference" to the district court's determination, *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014), recognizing that "when a defendant challenges the district court's determination that the firearm was used or possessed in connection with the other felony offense—i.e., that there was a nexus between the firearm and the felony—, that inquiry is necessarily fact-specific and thus

better examined by the district court." *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019) (cleaned up).

### III.

There are two possible underlying felonies relating to application of the enhancement: drug possession or drug trafficking. Logan offers a challenge to the district court's application of the § 2K2.1(b)(6)(B) enhancement based on each. First, he argues that "the evidence did not support any finding that there was drug trafficking activity[.]" (Appellant Br. 22.) As a result, he contends that mere proximity between the firearm, drugs, and drug paraphernalia could not support the enhancement. (*Id.*) Second, he argues that, since the other offense constituted simple possession, the district court failed to establish by a preponderance of the evidence the nexus between Logan's felonious drug possession and his possession of the firearm. (*Id.* at 23–24.)

Here, the relevant facts included the existence and location of the gun, the digital scale, the marijuana, and the methamphetamine. And since Logan did not object to the factual allegations in the PSR, the district court could accept them as true. *See United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004). The district court's sole task, therefore, was to determine whether these facts supported applying the enhancement. *See United States v. Hardin*, 248 F.3d 489, 494 (6th Cir. 2001). Even applying our deferential standard of review, we agree with Logan that the record does not do so. *See Seymour*, 739 F.3d at 929.

### A.

As an initial matter, it is unclear whether the district court supported the enhancement by identifying a felony possession offense or trafficking offense. At the sentencing hearing, the district court explained that it would "use the four-level enhancement as recommended by probation" and, in its statement of reasons, confirmed that it had adopted the PSR without change.

(Sentencing Hr'g Tr., R. 33, PageID 153; Statement of Reasons, R. 27, PageID 136.) The PSR recommended that the enhancement be applied based on Logan's felony *possession* of methamphetamine. In explaining its reasoning, however, the district court appeared to justify the enhancement based on a drug *trafficking* offense:

> In this case, the Defendant possessed the firearm along with a digital scale, along with the methamphetamine, over 6 grams. There was also a jar of marijuana located in the vehicle along with possession of firearms. It is well established that possession of firearms along with possession of drugs, they are interrelated. Drug traffickers frequently or seller[s] of drugs frequently possess firearms. It is part and parcel of the trade.

(Sentencing Hr'g Tr., R. 33, PageID 152.)

In determining whether a contested sentencing enhancement applies, a district court "should provide some meaningful explanation of its reasons for applying that enhancement." *United States v. Nichols*, 802 F. App'x 172, 178 (6th Cir. 2020); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (noting that a procedural error occurs when a district court "fail[s] to adequately explain the chosen sentence"). Here, while the district court properly made its ruling explicit, "its explanation of that ruling was far from satisfactory" as "we are left to infer what offense[] the district court relied upon in applying [the] enhancement." *See Nichols*, 802 F. App'x at 178.

If we assume that the district court followed the recommendation laid out by the PSR, as it indicated in its statement of reasons, the offense supporting the enhancement constituted felony possession of methamphetamine. Although the § 2K2.1(b)(6)(B) enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," U.S.S.G. § 2K2.1, Application Note 14(B), the same is not true for a possession offense. Our "precedent does not, ipso facto, support the application of the [§ 2K2.1 enhancements] merely upon proof that narcotics and firearms were

present in the same [location]." *Hardin,* 248 F.3d at 495–96. Instead, for a possession offense, the "enhancement applies only if the government can establish that the firearm actually or potentially *facilitated* that offense." *United States v. Shields*, 664 F.3d 1040, 1045 (6th Cir. 2011); *see Shanklin*, 924 F.3d at 920.

We have previously observed that "[w]hen one is in possession of a large and valuable stash of drugs, the desire to protect these illicit substances can be compelling." *United States v. Ennenga*, 263 F.3d 499, 504 (6th Cir. 2001). Protection of drugs may, therefore, serve as "an alternative to their use in facilitating a drug transaction." *Id.* We have, however, rejected application of the enhancement where the value of the drugs that the defendant possessed was limited. *See, e.g.*, *Shields,* 664 F.3d at 1042–43 (rejecting application of the enhancement where the firearm was found with 4.2 grams of marijuana and a baggie containing cocaine residue); *United States v. McKenzie,* 410 F. App'x 943, 946 (6th Cir. 2011) (rejecting application of the enhancement where the firearm was found with 1.1 grams of marijuana).

The PSR contained no evidence of the methamphetamine's purity or street value, only its quantity. While the government advised the court that the quantity of methamphetamine was "significant" and a "lot to buy" at once, (Sentencing Hr'g Tr., R. 33, PageID 150–51), the record did not demonstrate that it constituted a sufficiently "large and valuable stash" to compel Logan to carry a firearm to protect it or to protect himself while transporting it. *See Ennenga*, 263 F.3d at 504; *see also McKenzie*, 410 F. App'x at 946–47. Nor did the district court make such a factual finding. And while the district court noted that a jar of marijuana was found with the methamphetamine, the record is silent regarding the marijuana's quantity and value. Moreover, marijuana possession could not support the enhancement itself absent a finding of quantity, as

possession of marijuana under 200 grams is a misdemeanor, not a felony, under Ohio law.  *See* Ohio Rev. Code § 2925.11(C)(3)(b).

By contrast, Logan, in accepting responsibility, provided a written statement explaining that he had carried the firearm because he "travel[s] through dangerous areas and felt the need to have the gun for protection." (PSR, R. 21, PageID 75.)  Absent any evidence to refute his statement or any indication that Logan used the firearm to protect drugs on his person or some other nexus, the district court clearly erred in finding by a preponderance of the evidence that the firearm actually or potentially facilitated the methamphetamine possession.  *See Shields*, 664 F.3d at 1045.

C.

Even if we could reasonably interpret the district court's remarks at sentencing to indicate that it supported the enhancement with a drug trafficking offense, Logan's sentence should still be vacated.  Logan was not charged with trafficking, nor did the probation office identify a possible trafficking offense.  The government advised the court that it could not conclude by a preponderance of the evidence that Logan was engaged in trafficking.  The district court was therefore limited to the facts in the record, specifically, that the firearm was found near 6.19 grams of methamphetamine and a digital scale.

While "close proximity" between a firearm and drugs and drug paraphernalia is enough to apply an enhancement in the case of a drug trafficking offense, U.S.S.G. § 2K2.1, Application Note 14(B), the record does not support—by a preponderance of the evidence—that Logan committed a drug trafficking offense in the first instance.  The record did not reflect that the "quantity and value of the methamphetamine found in the car [] indicated trafficking activity and well exceeded an amount that would be consistent with personal use."  *See United States v. Hampton*, 769 F. App'x 308, 310–11 (6th Cir. 2019) (finding evidence of trafficking activity where

police located "six separate bags that each contained between 18 and 26 grams of methamphetamine" and "[t]he quantity of methamphetamine seized was estimated to have a street value of between $4,800 and $12,800"); *see also United States v. Cantrell*, 807 F. App'x 428, 433–34 (6th Cir. 2020) (finding evidence of trafficking activity where police located two bags containing 7.75 and 150 grams of methamphetamine).

And, while we "have long held that scales are instruments of the drug trade," *United States v. Granado*, No. 23-1171, 2024 WL 731128, at *1 (6th Cir. Feb. 22, 2024), cases where we have affirmed application of the enhancement with limited drug quantities and a scale present have involved other more substantial evidence of trafficking. *See, e.g.*, *id.* (affirming application of the enhancement where police found a loaded handgun with "a digital scale with white powdery residue" in the defendant's bedroom, two grams of cocaine and 0.76 grams of suspected heroin in the defendant's car, and text messages about drug sales on the defendant's phone). The scale here was found beside the marijuana, not the methamphetamine, and the record lacked evidence—such as residue on the scale or separate bags—suggesting the scale was used to portion the methamphetamine for sale.

Additionally, while the district court observed that Logan's "criminal record shows a propensity [] to [] possess and sell drugs," Logan's criminal record—as detailed in the PSR—reflects prior convictions for possession and aggravated possession of drugs, not trafficking. (Sentencing Hr'g Tr., R. 33, PageID 179; PSR, R. 21, PageID 77–80.) So, the record does not reflect that Logan "had an established knowledge and participation in drug trafficking activity." *See United States v. Richardson*, 510 F.3d 622, 628 (6th Cir. 2007).

Based on the sparse evidence here, the district court could not establish by a preponderance of the evidence that Logan engaged in trafficking, nor that the firearm facilitated his

methamphetamine possession. The district court, therefore, clearly erred in applying the enhancement, making Logan's sentence procedurally unreasonable. *See Shields*, 664 F.3d at 1046. And "[w]hen the district court misapplies a sentencing enhancement, we must remand for resentencing unless we are 'certain' the error was harmless." *United States v. Alvarado*, 95 F.4th 1047, 1053 (6th Cir. 2024) (quoting *United States v. McCarty*, 628 F.3d 284, 294 (6th Cir. 2010)). Since the enhancement yielded a different Guidelines range and there is no indication that the district court would have "imposed the same sentence notwithstanding [the] enhancement," the error was not harmless. *Id.* at 1056.

IV.

For the foregoing reasons, we vacate Logan's sentence and remand to the district court for resentencing consistent with this opinion.

CHAD A. READLER, Circuit Judge, dissenting. The district court had ample basis to apply a four-level sentencing enhancement to Guanterio Logan's base offense level. At issue is § 2K2.1(b)(6)(B), which calls for a four-level enhancement if, by a preponderance of the evidence, Logan "possessed any firearm" "in connection with another felony offense." U.S. Sent'g Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sent'g Comm'n 2024) (hereinafter Guidelines). All agree that Logan possessed a firearm. Whether to apply the enhancement here thus prompts two questions: Did Logan commit "another felony offense"? And, if so, did he possess the firearm "in connection with" that felony? On both fronts, the answer is "yes."

1. Start with Logan's commission of "another felony offense." That phrase encompasses "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1 cmt. n.14(C); *accord United States v. Angel*, 576 F.3d 318, 321 n.2 (6th Cir. 2009). With that broad definition in mind, the record reflects the commission of at least two such offenses, one state and one federal: possession of methamphetamine, *see* Ohio Rev. Code Ann. § 2925.11(A); R. 22, PageID 110, and intent to distribute the same, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). When officers asked Logan to step out of the car, he possessed a loaded 9mm pistol, 6.19 grams of methamphetamine, and a digital scale. R. 22, PageID 93–94, 101; R. 33, PageID 150. Possession of methamphetamine, a state law felony, is thus abundantly plain. So too is the intent to distribute, a federal felony. Consider first the amount of drugs Logan possessed. Casual users of methamphetamine do not ordinarily have as much as six grams on hand, as the government confirmed at Logan's sentencing hearing. R. 33, PageID 150. Consider next Logan's possession of a digital scale, a tool "often used by drug dealers." *United States v. Street*, 614 F.3d 228, 236 (6th Cir. 2010). It seems unlikely one possessing methamphetamine only for personal use would

employ a scale to do so. And then factor in the pistol, something drug dealers carry to protect themselves. *See e.g.*, *United States v. Swafford*, 385 F.3d 1026, 1029 (6th Cir. 2004). Logan, in short, committed at least two other felonies.

True, the district court did not expressly identify on the record whether Logan committed either offense. But that is beside the point. After all, "[a]n enhancement this 'conceptually straightforward' does not require much in the way of explanation." *United States v. Neal*, 817 F. App'x 148, 152 (6th Cir. 2020) (citation omitted). It was thus enough that the district court, after recognizing that Logan possessed all of the items just discussed, explained that "[d]rug traffickers" and "seller[s] of drugs" "frequently possess firearms," as they are "part and parcel of the trade." R. 33, PageID 152. In other words, the district court necessarily concluded by a preponderance of the evidence that Logan had methamphetamine and had the intent to distribute the drug. Remembering that we review the district court's factual findings for clear error, *United States v. Thomas*, 933 F.3d 605, 608 (6th Cir. 2019), that conclusion is surely proper.

2. That leaves us to ask whether, as the district court concluded, Logan possessed a firearm "in connection with" either of these felonies, a conclusion we afford "due deference." *United States v. Taylor*, 648 F.3d 417, 430–32 (6th Cir. 2011).

*Possession of methamphetamine.* Logan possessed the loaded 9mm handgun "in connection with" his methamphetamine possession "felony offense" because "the firearm" "facilitated, or had the potential of facilitating," the offense. Guidelines, *supra*, § 2K2.1 cmt. n.14(A); *United States v. Jackson*, 877 F.3d 231, 237 (6th Cir. 2017). The record easily reveals as much. While riding in the backseat of a car on a public street, Logan had with him both the pistol and over six grams of methamphetamine. He propped the pistol in a bag next to his seat, handle facing upward, allowing him ready access. R. 22, PageID 94. Later, Logan admitted to officers

that he carried a gun because he "felt the need to have the gun for protection" in the "dangerous areas" he traveled. *Id.*

Common sense confirms that Logan's firearm had the potential of facilitating his drug possession. As Logan admitted that he carried a gun to protect himself in dangerous areas, it is reasonable to infer that the pistol had the potential of giving him the courage to carry drugs on his person while away from home. *See United States v. Regans*, 125 F.3d 685, 687 (8th Cir. 1997) ("[W]hen a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender."). Said differently, the pistol likely "embolden[ed]" Logan "to possess the drugs" or "provide[d]" him "protection for himself and his drugs." *United States v. Jenkins*, 566 F.3d 160, 163 (4th Cir. 2009); *see also United States v. Berkley*, 406 F. App'x 938, 939–40 (6th Cir. 2011).

*Possession with intent to distribute*. Logan similarly possessed the firearm "in connection with" a "drug trafficking offense." Guidelines, *supra*, § 2K2.1(b)(6) cmt. n.14(B). Possession with intent to distribute methamphetamine is a drug trafficking offense. *See, e.g.*, *id.* § 2L1.2 cmt. n.2. And if, as just discussed, Logan committed that offense, the record need only show that the "firearm [wa]s found in close proximity to drugs" or "drug paraphernalia." *Id.* § 2K2.1(b)(6) cmt. n.14(B); *Jackson*, 877 F.3d at 237. Here, officers found Logan's 9mm pistol in "close proximity" (directly next to) "drugs" (six grams of methamphetamine) and "drug paraphernalia" (a digital scale).

In multiple respects, then, the district court properly applied a four-level enhancement to Logan's base offense level for possessing the firearm in connection with another felony offense.